AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
2021 MAY -7 PM 2:52
CLERK-SANTA FE

RICK BENAVIDEZ
*Petitioner*

v.

ROBERT NEILIUS Warden Individual Capasity
SONYA K. CHAVEZ USMS
DONALD W. WASHINGTON Director USMS
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. CV 21-431 JB-SCY
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a) Your full name: Rick Rudy Benavidez
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: Cibola County Correction Center
   (b) Address: 2000 Cibola Loop
      Milan, NM 87021
   (c) Your identification number: _____
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      (b) Docket number of criminal case: _____
      (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☒ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: United States District Court of New Mexico, 333 Lomas Blvd, NW ALB, NM 87102
   (b) Docket number, case number, or opinion number: 1:19-CR-00592-WJ
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): That I violated §7207 misdemeanor crime. It is an error not a crime. I could have corrected the error if the court would tell me the mistake.
   (d) Date of the decision or action: 06/29/2021

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes   ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: United States District Court District of New Mexico
       (2) Date of filing: 08/26/2020
       (3) Docket number, case number, or opinion number: 19-CR-0592-WJ
       (4) Result: Denied Pretrial Release
       (5) Date of result: 11/05/2020
       (6) Issues raised: That I violated §7207 Federal misdemeanor crime which was an error not a crime. National Pandemic Covid 19
   (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes   ☐ No

(a) If "Yes," provide:
  (1) Name of the authority, agency, or court: US DISTRICT COURT OF New Mexico
  (2) Date of filing: 02/22/2021
  (3) Docket number, case number, or opinion number: 1:19-cr-00592-WJ
  (4) Result: Denied motion for Pretrial Release
  (5) Date of result:
  (6) Issues raised: No proper medication, high risk for covid 19, mother has trouble seeing I need to be home taking care of her.

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes   ☒ No
(a) If "Yes," provide:
  (1) Name of the authority, agency, or court:
  (2) Date of filing:
  (3) Docket number, case number, or opinion number:
  (4) Result:
  (5) Date of result:
  (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal: Ineffective counsel refuses to act in my best interest to appeal to a higher court.

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes   ☒ No
If "Yes," answer the following:
(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
      ☐ Yes           ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes            ☒ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes            ☒ No
If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes          ☒ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☒ Yes          ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application: Petition for a writ of Habeas Corpus
(b) Name of the authority, agency, or court: US District Court of New Mexico
(c) Date of filing: ~~08/24/2020~~ 07/22/2020
(d) Docket number, case number, or opinion number: 20-CV-736 KWR-SCY
(e) Result: Denied
(f) Date of result: 08/24/2020
(g) Issues raised: I have not Been convicted of Any crime Im Innocent till proven Guilty, Ive shown Im not A flight risk or danger to the community and held without my ~~consent~~ consent.

Ground One: Conflict of interest.

(a) Supporting facts : Sixth amendment violation. The sixth amendment ensures that every defendant will receive conflict-free judgment. Judge Johnson is allegedly saying I committed a federal crime by notifying the IRS by filing a form 56 that HE and "the court" which the court is the executor office Black Law dictionary 4th edition that they are the fiduciaries over my ESTATE. That I allegedly committed a crime against HIM by telling the IRS that HE is the Fiduciary over RICK BENAVIDEZ ESTATE. I am the GENERAL EXECUTOR of my ESTATE and it is my responsibility to notify the IRS when someone has acted in such a way by administrating the ESTATE without the GENERAL EXECUTORS permission by creating bid bonds, performance bonds and cusip numbers. I do not need public servants signatures to file a form 56 according to the IRS because they have taken an oath. Even if they have not taken an oath on the record they have cashed a paycheck and have accepted the responsibility. The fiduciary duty of all officials is to serve and protect the estates and the occupant of the executor office. A fiduciary responsibility is the highest responsibility in law. The General Executor is not subject to lien,levy,submission to jurisdiction or acquisition at any moment or in any situation and shall enjoy all privileges,benefits and immunities afforded by the united states constitution treaty of peace and friendship and the will.

Ground Two: Conflict of Interest:

(a) Supporting Facts: Sixth amendment violation. The sixth amendment ensures that every defendant will receive conflict free judgment. Judge Johnson is related to my Ex girlfriends family and I believe that is why I am not getting a detention and bond hearing.

Ground Three: Conflict of Interest:

(a) Supporting Facts: Sixth amendment violation. The sixth amendment ensures that every defendant will receive conflict free judgment. Judge Johnson and district attorneys have used their securities license to monetize my case number and use it to PROFIT on fidelity.com I do not think he will have my best interest at giving me a detention and bond hearing let alone a fair detention and bond hearing. When using my case FOR PROFIT. Exhibit A will show the cusip number created in my NAME FOR PROFIT Without the GENERAL EXECUTORS PERMISSION.

Ground Four: Due process violation detained unlawfully through vindictiveness

(a) Supporting Facts: Intentionally revoking my pretrial release knowing an unlawful detention that I never committed a crime by sending a form 56 to the IRS. That there would never be no indictment by a grand jury its been 8 months and is violating my fourth and fifth amendment rights,no indictment is a violation of my 6th amendment right to a speedy trial.

Ground Five: No indictment on new charge.

The government moved to revoke Mr. Benavidez's release on the basis of this filing- arguing that this submission to the IRS constituted a false statement to a government entity under 18 U.S.C subsection 1001 and the court agreed that they had enough probable cause to file a new charge sending Mr. Benavidez to Cibola on June 29 and issuing a detention order a little over a week later.

(a) Supporting Facts: Violation of my 5th amendment rights. Pre- indictment delay may violate a defendants right to due process under the Fifth amendment to the U.S constitution when such a delay was an intentional device to gain tactical advantage over the accused." United States V. Marion,404 U.S 307,324 (1971) ; United States V. Picciandra, 788 F.2d 39,42 (1st Cir. 1986). Delay by the government must be both prejudicial and the result of the governments bad faith efforts to delay indictment. See id; United States V. Decologero,530 F.3d 36,78 (1st Cir. 2008). I must be released back on pretrial Because the federal government did not bring a new charge to a grand jury before the 30-day time limit on grand jury presentment. Pursuant to 18 U.S.C .3161(b)," any information or indictment charging a human being with the commission of an offense shall be filed within thirty days from the date on which such human being has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for the filing of the indictment shall be extended an additional thirty days."
Under this Act" a defendant must be indicted within thirty-days of the time when he is arrested and taken into continuous federal custody." United States v. Taylor, 814 F.2d 172,174(5th Cir. 1987). While state arrest does not trigger the speedy trial act, and while the mere filing of a detainee and probable cause are not sufficient to trigger the act, the time limits of the speedy trial act begin when a person is "held for the purpose of answering a federal charge." Id at 175. For Mr. Benavidez, that time began on June 29, 2020 when his pretrial was revoked for allegedly committing a new federal misdemeanor charge. The only Jurisdiction basis for holding Mr. Benavidez was held for the purpose of answering to a federal misdemeanor charge."Id. The speedy trial act thus commenced on June 29, 20. While there is a 30 day safe harbor provision for a 30 day period when no grand jury is in session, even if that safe harbor provision applies here, the additional 30 days permitted under the statute would have also expired on or about September 01, 2020. Therefore I must be released back on pretrial as I never committed a new crime to revoke my pretrial release.
Because of the nature of this ground, the opposition of the government is presumed.
WHEREFORE, the Court must dismiss the probable cause filed against Mr. Benavidez in federal court on June 29, 2020 due to the federal governments violation of the speedy trial act and 5th amendment violation of due process.

Ground Six: No detention hearing or bond hearing after new information of NO INDICTMENT to pursue probable cause that I violated my conditions of release by allegedly committing a new crime.

(a) Supporting Facts: "I have been on pretrial release for a year and a half and have already proved I am not a flight risk or a danger to the community". Due process violation and Requirement by the fifth Amendment. 18 U.S.C Subsection 3142 (f). "Revocation of a prior release[or detention] order under subsection 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order and when new, material information is available." Cisneros, 328 F.3d at 614. I have been in custody for over 8 months without a detention hearing or bond hearing with new information about NO INDICTMENT WHICH PROVES THAT I HAVE

NEVER VIOLATED MY CONDITIONS OF RELEASE. MY MOTIONS CANNOT BE DENIED without having to prove without a reasonable doubt that I am a danger to the community or flight risk. Louisville V. Mottley 211 us 149,295.ct.42,53L.Ed.126. "The accuser bears the burden of proof beyond a reasonable doubt".

Ground Seven: In effective Counsel.

(a) Supporting Facts: Carter Harrison refuses to appeal both detention hearings to court of appeals that I do get a detention and bond hearing that is my constitutional right for the government to prove without a reasonable doubt that I am a flight risk or danger to the community. He refuses to file a motion to dismiss the probable cause that I never committed a new crime. Refuses to file motions to suppress, motions to compel, and evidentiary hearings.

Ground Eight: High risk for COVID-19

(a) Supporting Facts:
I have hypertension no proper medical attention and no proper medication several grievances and sick calls to receive my blood pressure pills, allergy pills and my nasal spray still have not received any of my medication or blood pressure checks till this day it has been several months see exhibits. Fifth and Fourteen amendment to the US constitution protect pretrial detainees from arbitrary government action by federal or state authorities. Conditions of confinement cannot constitute a punishment. US constitution requires that pretrial detainees be provided adequate medical care.

# DECLARATION OF RICK BENAVIDEZ

I, Rick Benavidez, do here by declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief:

1. I am currently detained at the Cibola County Correctional Center, in Milan, New Mexico, I have been detained since June, 2020.
2. My case number is 1:19CR 00592-WJ My Trust is being charged with Bank fraud and adeiting and abeiting.
3. I am still recovering from covid 19 I have no taste or smell.
4. In Decmber 2020 I tested positive for covid 19 after numerous requests for a covid 19 test.
5. The nurse on duty prior to december said I was fine after a temperature check and a oxygen level test after complaining that I could not taste or smell anything.
6. I Have a history of high blood pressure(hypertention) allergies having trouble breathing at night
7. I am currently housed in 400 A at CCCC Presently there are 38 inmates in my pod.
8. There are typically two inmates per cell. We share one sink and toilet in the cell
9. Our beds are within arms length distance
10. Staff at CCCC do not do temperature checks or test for covid 19.
11. We are responsible for cleaning pod and we do not have any disinfecting chemicals or supplies.
12. We share 4 phones betweeen 38 inmates and are never cleaned.
13. There is no social distancing in pods we are on top of each other when we eat and use phones and shower.
14. Correctional officers only enforce mask wearing when marshals are here.
15. When I first got to CCCC in June I quarantined for 14 days and they moved me into 400 B which at that time was on lock down because everyone there was complaining about been sick moved me in there intentionally is cruel and unusual punishment.
16. The following week the inmate right next to me was rushed to the hospital because of covid is when they decided to test for it.
17. After testing for 2 weeks only 4 people including myself came up negative and was moved to a pod next door that they turned into a negative pod.
18. I am scared to catch covid 19 again. I refuse to go to medical because the waiting room is packed with positive and negative inmates.
19. I have filed many sick calls and grievances to come and check my blood pressure and give me my blood pressure pills and allergy pills and my nasal spray and they will not give my medication as of today.

REQUEST FOR RELIEF

Release the (collateral) body immediately or Setup a detention hearing and bond hearing with a new fair judge within 7 days or release me back on pretrial with my outstanding performance that I never violated my conditions of release. See exhibits.

Where rights secured by the constitution are involved, there can be no rule making or legislation which would abrogate them. Miranda V. Arizona 384 U.S 436,865.ct.1602,16L.Ed.2d694: The claim and exercise of constitutional rights cannot be converted into a crime. Miller V. United States 230 F.2d 486,489: for a crime to exist there must be an injured party (corpus delicti). There cannot be a sanction or penalty imposed on one because of this constitutional right. Sherer V. Cullen 481 F. 945.

Lack of federal jurisdiction cannot be waived or overcome by agreement of parties. Griffin V. Mathews ,310 F Supp,341,342,(1969)and want of jurisdiction may not be cured by consent of parties.Industrial Addiction Association V. C.I.R., 323 U.S. 310,313,655.ct.289,89L.Ed.260,1945 C.B.316.

The official oaths, the obligations,and the fiduciary duties of all accusers and bound "claimants" to national law and order, civilization principles fixed in constitution law,still stands! Definition and truth still rules. Non-compliance is a federal and international law offense.

This assertion cancels,voids,rescinds,revokes and repudiates all policy,statues,contracts, and presumptions of presumed executorial or administractive authority. This appointment is valid from your receipt of this habeaus corpus,nunc pro tunc.

Any administration on the Estate of a living person is void,especially if it be made to appear that the person was in fact alive at the time the administration was granted, the administration is absolutely void.

There is no law as prescribed in the United States Constitution stating a "motion" requesting permission must be submitted in order to exercise my constitutional rights or exhaust all remedies prior to filing a habeaus corpus. Demanding this is a violation of amendment IX of the United States Constitution and a violation of your fiduciary duties.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: __4/15/21__     UCC1-308
                      Rick-Rudy; Beraugh
                      **Signature of Petitioner**

_____
**Signature of Attorney or other authorized person, if any**

## Your CUSIP Results are as follows:

**RICK BENAVIDEZ (CC 1:19-CR-00592-[WJ])**
**Fidelity Advisor Freedom 2030 Fund**
Symbol:                 FAFEX
CUSIP:                  **315792796**

Inception Date:         7/24/2003
Net Assets:             $2,794,302,000.00 as of 4/28/2020
Portfolio Assets:       $2,794,302,000.00 as of 4/28/2020

**A little about the Fund:**

Fidelity Advisor Freedom 2030 Fund seeks high total return with principal preservation as the fund approaches its target date and beyond by investing in a combination of Fidelity domestic equity funds, international equity funds, bond funds, and short-term funds. Fund indices: Bloomberg Barclays U.S. Aggregate Bond Index and Fidelity Freedom 2030 Composite Index.



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 No. 19-cr-0592-WJ

RICK BENAVIDEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S SECOND OPPOSED MOTION FOR RE-IMPOSITION OF CONDITIONS OF PRETRIAL RELEASE

**THIS MATTER** is before the Court upon Defendant's Second Motion for Re-imposition of Conditions of Pretrial Release, filed February 23, 2021 (Doc. 140) (the "Motion"). For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Defendant violated federal law during his previous period of pre-trial release, and has offered nothing new or compelling to undermine the Court's previous determination that he is unlikely to abide by any conditions of release if granted again. Accordingly, Defendant will remain detained pending trial.

## BACKGROUND

On February 27, 2019, Defendant was indicted on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and two counts of bank fraud in violation of 18 U.S.C. § 1344. Doc. 2. A detention hearing was conducted by United States Magistrate Judge Ritter pursuant to 18 U.S.C. § 3142. Docs. 11, 30. Pretrial Services recommended Judge Ritter remand Defendant to the custody of the U.S. Marshals pending trial. Doc. 30 at 19. Judge Ritter observed that "[s]ome of the most concerning things in the Pretrial Services report are the apparent lack of honesty with Pretrial Services," and found by a preponderance of the evidence that no condition

1

or combination of conditions of release would reasonable assure Defendant's future appearance in court as required. Doc. 30 at 19; Doc. 13 at 2. With a new attorney, Defendant later filed a motion for pretrial release (Doc. 29). This motion was granted and Defendant was released to a halfway house on the condition that he comply with federal, state and local law. Doc. 34; Doc. 36 at 1-2.

On June 10, 2019, Defendant filed a motion to modify his conditions of release. Namely, Defendant sought to live at his mother's residence. Doc. 41. The Court granted the motion, but warned that if Defendant violated the conditions of his release, a warrant would issue for his arrest. Doc. 110 at 12. Defendant was directly ordered not to commit any further crimes. Doc 46 at 1.

Following the withdrawal of Defendant's second attorney, the Court was bombarded with frivolous and incomprehensible *pro se* filings by the Defendant, despite his access to a third attorney's representation. *See* Docs. 63, 64, 67-77, 79-83, 101. These filings were struck by the Court sua sponte, Docs. 88, 102, and ultimately Defendant was warned that "further filings of this nature will also be stricken and may result in the Court modifying or revoking Defendant's pretrial release conditions such that Defendant is remanded into the custody of the U.S. Marshal . . . " Defendant submitted another such *pro se* filing, but it cannot be determined with certainty whether Defendant was in receipt of the Court's warning prior to the filing. *See* Doc. 130 at 4.

In April of 2020, the United States provided evidence that Defendant committed a federal offense while on release by filing a Form 56 with the IRS listing the Court as a fiduciary for the Defendant and describing the Court as "Appointed as special executor by general executor." Doc. 103. Accordingly, and consistent with the conditions of his release, the Court remanded Defendant to the custody of the U.S. Marshals Service, finding probable cause to believe that Defendant violated two federal statutes by filing the falsified information with the IRS. Doc. 127 at 6-9.

Defendant then motioned the Court to reimpose his previous release on the grounds that

(1) he signed a sworn declaration that he won't send illegal mailings to the IRS, the Court or otherwise, and (2) he was diagnosed with high-blood pressure, which makes him more susceptible than others to COVID-19. Doc. 130 at 1. The Court denied this motion on November 5, 2020, finding that his fraudulent filings with the IRS made the Court doubt his ability to comply with any conditions of release. *See* Doc. 136 at 5

The instant Motion is a renewal of this previously denied Motion for Re-Imposition of Conditions of Pretrial Release, and asks the Court to reevaluate its November 5 ruling in light of a declaration by Defendant's mother which details various burdens Defendant's mother now faces as a result of her son's incarceration. Doc. 140; *see also* Doc. 140-2.

## DISCUSSION

A defendant in a federal criminal case is subject to revocation of the conditions of his pretrial release when he violates one or more of those conditions. 18 U.S.C. § 3148(a). The Court shall enter an order of revocation and detention when there is "probable cause to believe that the person has committed a [f]ederal, [s]tate, or local crime while on release" and either "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

The Motion effectively makes three arguments. First, it implies that Defendant's 2019 submission of an IRS Form naming the Court as a fiduciary of Defendant was not fraudulent, as the form bore no actual signature purporting to be the Court's, "which is supposed to be a requirement for such forms." Doc. 140 at 1, ¶ 1. Second, it argues that a declaration by Defendant's mother detailing the burdens attendant to her son's incarceration constitutes new information sufficient to form a new basis for release. *Id.* at 2, ¶ 2. Third, it reasserts claims from Defendant's

previous Motion for Re-Imposition of Conditions of Pretrial Release that Defendant's hypertension warrants release in light of COVID-19. *Id.*, ¶ 3.

The Court has already addressed the fraudulent Form 56 filing with the IRS in both its previous Memorandum Opinion and Order Denying Defendant's Opposed Motion for Re-Imposition of Conditions of Pretrial Release, filed November 5, 2020 (Doc. 136) and its Memorandum Opinion and Order Granting Government's Motion for Revocation of Release from Pretrial Detention, filed July 9, 2020 (Doc. 127). Defendant presents nothing new at this time, but the Court notes that it made no ruling as to whether Defendant would be convicted for the filing. Rather, the Court analyzed the filing under the probable cause standard governing revocation of release under 18 U.S.C. § 3148, and still finds that probable cause exists to conclude that Defendant committed a federal crime while released pending trial because (1) Defendant submitted a Form 56 to the IRS falsely naming the Court as a fiduciary acting on behalf of Defendant and (2) the filing was actually accepted and processed by the IRS, as the IRS query system listed "William P. Johnson" as an executor for Defendant. *See* Doc. 127 at 6-7 (Probable cause regarding a violation of 18 U.S.C. §1001(a)(1) ("Concealment of a Material Fact") exists, and the Court therefore finds that there is "probable [cause] to believe that Defendant committed a federal crime while on pretrial release and violated his conditions of release.").

The Court has also already addressed Defendant's claims as to his hypertension, finding that "conditions allegedly increasing a detainee's risks of contracting COVID-19 or of suffering more severe reactions to the virus are not sufficient for release, and Defendant has offered nothing to suggest that he faces a reduced risk of contracting COVID-19 if released." Doc. 136 at 5 (citing *United States v. Martin*, 2020 WL 1274857, 2–3 (D. Md. Mar. 17, 2020) (declining defendant's motion for release when defendant had health conditions making him particularly sensitive to COVID-19); *United States v. Jai Montreal Winchester*, 2020 WL 1515683, 12 (M.D.N.C. Mar. 30, 2020) (declining to release a

defendant because his arguments "applie[d] equally to every detainee in detention" and were merely attempts to use the "current public health crisis as an opportunity to obtain . . . release by substituting conjecture, hyperbole, and misstatement for reasoning"). The Court also found that even if Defendant's blood pressure was sufficient on its own to demonstrate lawfully excessive risk of a serious reaction to COVID-19, he would still be held to the requirements of §§ 3142(g) and 3148(b)(2), "requirements which the Court is now thoroughly convinced cannot be met with respect to this Defendant." Doc. 136 at 5.

This brings the Court to Defendant's only new argument: that a declaration by Defendant's mother detailing the difficulties attendant to her son's detention warrants pretrial release under 18 U.S.C. § 3142(g)(3)(A).[1] It is true, § 3142(g) includes "family ties" in its list of potential considerations as to the appropriateness of pretrial release, but these considerations are meant to inform the Court as to the likelihood that a defendant will flee or endanger the community. Section 3142(g) does *not* require a Court to grant such a motion when a defendant has local family ties, even if those family members face burdensome circumstances as a result of the defendant's detention. Furthermore, § 3142(g) lists far more factors than merely a defendant's family members—for instance, a defendant's character should also be considered by the Court, and here, Defendant's character certainly weighs against release. As the Court has found before, "there is hardly any doubt as to the Defendant's propensity for truthtelling and compliance; he has lied to officials and violated the conditions of his release already when such conditions were made explicitly clear to him." Doc. 136 at 3.

The Court is certainly sympathetic of the burdens Ms. Benavidez faces as a result of her son's detention. As a general rule, the incarceration of any person typically results in hardship on some or all of that person's family members. However, it must be noted that Ms. Benavidez's stroke, which

---

[1] The Motion requests release to a halfway house, not release to the residence of Defendant's mother. It is the Court's understanding that Defendant, if released to a halfway house, would only be free to leave the halfway house for work, not to care for his mother. Thus, the Motion bases its request on "difficulties that [Defendant's] absence is inflicting on his aging and ailing mother" which the requested relief will not resolve. *See* Doc. 140 at 2.

seems to underly her attested difficulties driving and managing her day-to-day affairs, happened over three years ago. Doc. 140-2 at 1 ("I had a stroke roughly 3.5 years ago at which time [Defendant] became my caretaker. Due to the stroke, I have trouble keeping my balance and almost no peripheral vision. Driving is extremely difficult for me.") At this point, Defendant became his mother's primary caregiver, but since then, he has been indicted for bank fraud in violation 18 U.S.C. § 1344. While Defendant is of course innocent until proven guilty in this case, his subsequent interactions with the Court and his likely violations of federal law while on pretrial release has shown the Court two things: (1) Defendant cannot be trusted to abide by any conditions of release the Court may set for him, and (2) Defendant did not consider his mother's needs while sending fraudulent filings to the IRS in violation of his conditions of release when he knew his mother relied on him for care.

## CONCLUSION

Defendant has already been given the opportunity to obey the law and the conditions of his release, and this he failed to do. For these reasons, and those otherwise set forth in this Memorandum Opinion and Order, Defendant's Second Opposed Motion for Re-imposition of Conditions of Pretrial Release is **DENIED**.

**IT IS SO ORDERED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| To: | Honorable William P. Johnson<br>Chief United States District Judge |
| From: | Delma Marrufo-Ramos<br>United States Probation Officer |
| Subject: | **Rick Benavidez**<br>**1:19CR00592-WJ-1** |
| Date Prepared: | June 29, 2020 |



# MEMORANDUM

The Defendant appears before Your Honor for a Hearing on the Government's Motion to Revoke Pretrial Release, as the Defendant allegedly committed a federal offense by filing a Form 56 with the Internal Revenue Service (IRS) listing Your Honor as a fiduciary for the Defendant.

The Defendant was placed on Pretrial Supervision and released to the third-party custody of La Pasada Halfway House on April 24, 2019. On May 6, 2019, the Defendant completed a Substance Abuse/Mental Health Assessment at The Evolution Group in Albuquerque, New Mexico. The Defendant was diagnosed with mild Alcohol Use Disorder and Adjustment Disorder (unspecified). The Defendant was then recommended to participate in weekly individual therapy. While at La Pasada Halfway House, the Defendant remained in full compliance of all his conditions of release.

On June 10, 2019, Defense Counsel submitted a Motion to Modify Conditions of Release requesting the Defendant's release from La Pasada Halfway House and to be allowed to reside at his former residence with his mother, Stella Benavidez. Pretrial Services did not oppose Defense Counsel's request. On July 10, 2019, the Defendant was granted release from La Pasada Halfway House and allowed to reside with his mother. Aside from his original conditions of release, the Defendant was placed on a 9 p.m. to 6 a.m. curfew.

Due to the Defendant's progression in treatment, the Defendant is currently attending counseling once per month. The Defendant continues to submit to drug and alcohol testing, and all tests to date have yielded negative results. The Defendant is currently employed at Analytics and Recovery in Albuquerque, New Mexico and submits proof of employment as instructed by Pretrial Services. The Defendant has not had any violations while on Pretrial Supervision.

APPROVED:

*[signature]*

Adalinda Urias
Supervising United States Probation Officer



DEFENDANT'S EXHIBIT 1