## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICK BENAVIDEZ,

        Petitioner,

vs.                                   No. CIV 21-0431 JB/SCY

ROBERT NEIL LIUS, Warden; SONIA K.
CHAVEZ, USMS, and DONALD W.
WASHINGTON, Director USMS,

        Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Petitioner Rick Benavidez' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed May 7, 2021 (Doc. 1)("Petition"). For the reasons explained below, the Court will dismiss without prejudice Petitioner Rick Benavidez's Petition under 28 U.S.C. § 2241 as premature, deny all pending motions as moot, and deny a Certificate of Appealability.

Benavidez is a pretrial detainee in federal custody at the Cibola County Correctional Center in Milan, New Mexico. See Petition at 1. He brings this case as a habeas corpus proceeding under 28 U.S.C. § 2241. See Petition at 1. Benavidez' Petition challenges the proceedings in his underlying federal criminal case. See United States v. Benavidez, CR 19-0592 WJ; Petition at 2. Benavidez' Petition raises eight grounds for relief:

> Ground One: Conflict of Interest. . . . Sixth amendment violation. The sixth amendment ensures that every defendant will receive conflict-free judgment. Judge Johnson is allegedly saying I committed a federal crime by notifying the IRS by filing a form 56 that HE and 'the court' which the court is the executor office Black Law dictionary 4th edition that they are the fiduciaries over my ESTATE. That I allegedly committed a crime against HIM by telling the IRS that HE is the Fiduciary over RICK BENAVIDEZ ESTATE. I am the GENERAL EXECUTOR

of my ESTATE without the GENERAL EXECUTORS permission by creating bid bonds, performance bond and cusip [sic] numbers.

. . . .

Ground Two: Conflict of Interest: . . . Sixth amendment violation.  The sixth amendment ensures that every defendant will receive conflict free judgment.  Judge Johnson is related to my Ex girlfriends family and I believe that is why I am not getting a detention and bond hearing.

Ground Three: Conflict of Interest: . . . The sixth amendment ensures that every defendant will receive conflict free judgment.  Judge Johnson and district attorneys have used their securities license to monetize my case number and use it to profit on fidelity.com. No bond hearing within 7 months.

Ground Four: Due process violation detained unlawfully through vindictiveness. . . .  Intentionally revoking my pretrial release knowing an unlawful detention that I never committed a crime by sending a form 56 to IRS. That there would never be no indictment by a grand jury its been 8 months and is violating my fourth and fifth amendment rights, no indictment is a violation of my 6th amendment right to a speedy trial.

Ground Five: No indictment on new charge. . . .  The government moved to revoke Mr. Benavidez's release on the basis of this filing-arguing that this submission to the IRS constituted a false statement to a government entity under 18 U.S.C. subsection 1001 and the court agreed that they had enough probable cause to file a new charge sending Mr. Benavidez to Cibola on June 29 and issuing a detention order a little over a week later.

. . . .

Ground Six: No detention hearing or bond hearing after new information of NO INDICTMENT to pursue probable cause that I violated my conditions of release by allegedly committing a new crime.

. . . .

Ground Seven: In effective Counsel. . . .  Carter Harrison refuses to appeal both detention hearings to court of appeals that I do get a detention and bond hearing that is my constitutional right for the government to prove without a reasonable doubt that I am a flight risk or danger to the community.  He refuses to file a motion to dismiss the probable cause that I never committed a new crime. Refuses to file motions to suppress, motions to compel, and evidentiary hearings.

> Ground Eight: High Risk for COVID-19 . . . I have hypertension no proper medical attention and no proper medication . . . .

Petition at 6-8.  In his request for relief, Benavidez asks the Court to "[r]elease the (collateral) body immediately or Setup a detention and bond hearing with a new fair judge within 7 days or release me back on pretrial with my outstanding performance that I never violated my conditions of release."  Petition at 10.  The Petition is signed "Rick-Rudy: Benavidez."  Petition at 11.

Benavidez seeks relief under 28 U.S.C. § 2241.  See Petition at 1.  The Petition is a request to review errors allegedly made during proceedings in the criminal case while that case is still pending.  See Petition at 1-3.  A federal prisoner may only use § 2241 to challenge the legality of a criminal prosecution, conviction, or sentence in limited circumstances, and federal habeas relief under § 2241 is not available to Benavidez under the circumstances of this case.  See, e.g., Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011).  Habeas relief is authorized under § 2241 only if the remedy available under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of a criminal defendant's detention.  See Bradshaw v. Story, 86 F.3d 164, 167 (10th Cir. 1996).  See also Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("[A] section 2241 petition that seeks to challenge a federal sentence or conviction -- thereby effectively acting as a section 2255 motion -- may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.").  Moreover, a petitioner "bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Bradshaw v. Story, 86 F.3d at 167.  Here, Benavidez has made no showing that a properly filed motion under § 2255 will be inadequate or ineffective to test the legality of his detention.  Therefore, Benavidez has not demonstrated that federal habeas relief is available to him under § 2241.

Benavidez is also not entitled to relief under 28 U.S.C. § 2255 at this stage of the proceedings.  28 U.S.C. § 2255 provides, in relevant part:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).  Benavidez is not currently "in custody under a sentence of a court established by Act of Congress" as § 2255(a) requires.  The one-year time period for filing a § 2255 motion does not even begin to run, in relevant part, until "[t]he date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

The Supreme Court of the United States has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).  If an appeal is filed, the district court is precluded "from considering a § 2255 motion while review of the direct appeal is still pending," extraordinary circumstances.  United States. v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993).  "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct appeal." United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

Benavidez's conviction is not final, because he has not been convicted or sentenced, judgment has not been entered, and he has not yet had an opportunity to file a direct appeal. The Court therefore will dismiss without prejudice Benavidez's Petition, whether construed as a § 2241 petition or a § 2255 motion, as premature.  See Nissen v. United States, 2021 WL 2682725 (D.N.M. 2021)(Browning, J.), appeal dismissed 2021 WL 4260751 (10th Cir. 2021); United States

v. Bailey, No. 96-40063-01-SAC, 1998 WL 214888, at *2 (D. Kan. March 20, 1998)(Crow, J.)(noting that "courts have apparently agreed that § 2255 motion filed before sentence is actually imposed should be dismissed as premature"); United States v. Folse, No. CIV 16-0196 JB/WPL, 2016 WL 1425828, at *1-2 (D.N.M. March 31, 2016)(Browning, J.).

Because Benavidez's Petition is premature, either as a § 2241 petition or a §2255 motion, he has not made a substantial showing of the denial of a constitutional right as 28 U.S.C. § 2253(c)(2) requires.  Accordingly, the Court will deny a Certificate of Appealability under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Also pending before the Court are Benavidez's Motion for Custody or Release of a Prisoner in Habeas Corpus Proceedings, filed May 25, 2021 (Doc. 4), and Writ of Mandamus, filed August 30, 2021 (Doc. 6), which the Court construes as a motion.  The Court will deny the pending motions as moot in light of the dismissal of this proceeding.

**IT IS ORDERED** that: (i) the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed May 7, 2021 (Doc. 1), is dismissed without prejudice; (ii) the Motion for Custody or Release of a Prisoner in Habeas Corpus Proceedings, filed May 25, 2021 (Doc. 4), is denied as moot; (iii) the Writ of Mandamus, filed August 30, 2021 (Doc. 6), which the Court construes as a motion, is denied as moot; (iv) a Certificate of Appealability is denied; and (v) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Rick Benavidez
San Diego, California

   *Plaintiff Pro Se*